templation of bankruptcy, and for the purpose of giving certain creditors, endorsers and sureties, preference and priority over his general creditors, and over the plaintiff.

The defendant excepted to this impeachment as too vague, indefinite, and general, not specifying what particular error or fraud is complained of. There is also an exception to the jurisdiction of the court.

The court sustained the exception of the defendant to the plaintiff's impeachment of his certificate and discharge; did not act on the plea to its jurisdiction; and gave judgment absolutely for the defendant. In our opinion, the judge erred. We admit the impeachment was too vague, general, and indefinite, not affording the defendant any knowledge of any particular fact, as to which it was necessary he should prepare himself with evidence in order to disprove any charge which the plaintiff might attempt to substantiate; but the opportunity ought to be reserved to the plaintiff to establish his pretensions in another suit.

It is, therefore, ordered, that the judgment be annulled and reversed, and that ours be for the defendant, as in case of nonsuit; the plaintiff paying the costs below, and the defendant those of the appeal.

---

## SAME CASE—ON A RE-HEARING.

Defendant having pleaded his discharge as a bankrupt under the act of 1841, plaintiff impeached it, and defendant excepted to the impeachment for vagueness and insufficiency. On the trial of the exception the court sustained it, and thereupon gave judgment at once in favor of defendant upon the merits. *Held*, that the case not being before the court on its merits, but only on the exception, no judgment could be legally rendered but upon the the latter leaving the case to be afterwards tried on the merits, when regularly set down; (C. P. 463, 533, 535. Stat. 10 February, 1841, s. 16 ;) that the main issue was, whether the certificate was a bar to the action; that plaintiff was entitled to a hearing thereon; and that the case should be remanded for that purpose.

*Hamner*, for the appellant, urged that the case should be remanded for further proceedings below.

*Elmore* and *W. W. King*, for the defendant, contended, that the judgment of the court below was correct. The plaintiff having admitted the existence of the discharge by impeaching it, when the impeachment was set aside, the whole case was before the court. There was no occasion to defer a decision—to do so could have been of no advantage to either party.

MORPHY, J. The defendant having pleaded in bar to the plaintiff's claim a certificate of discharge, delivered to him by the District Court of the United States for the Southern District of Alabama, the plaintiff impeached his certificate as obtained through fraud. The defendant excepted to the impeachment as too vague and indefinite in its terms to enable him to know what were the charges against which he was to defend himself, and prayed that the impeachment be dismissed. Upon the trial of this exception, the judge  sained it, and immediately gave judgment absolutely in favor of the defendant upon the merits of the case. The plaintiff appealed.

The judge, in our opinion, erred. The case was not before the court on its merits, but only on the exception. No other judgment could be rendered but one granting or denying the defendant's prayer in his exception for the dismissal of the impeachment, and leaving the suit to be tried on its merits, when regularly set down for trial. Code of Pract. arts. 463, 533, 535. Acts of 1841; p. 17, sec. 16. The main issue made up between the parties was, whether the defendant's certificate was a bar to the plaintiff's action. On this issue, however free from doubt it might have appeared to the court, the plaintiff was entitled to a hearing, and to the delays allowed to him by law for preparing his case for trial. When this case was before us, we reversed the judgment below, and rendered one for defendant as in case of nonsuit. We have reconsidered the position in which the parties stood under the pleadings, and now think, that the case should be remanded for further proceedings, leaving the plaintiff to pur· sue such course as he might have thought proper to adopt, had no judgment been rendered on the merits.

It is, therefore, ordered that the judgment of the Commercial Court be reversed, except so far as it sustains the exception made to the impeachment filed by the plaintiff; and it is further order-

ed that the case be remanded to be proceeded in according to law, the appellee paying the costs of this appeal.

JOHN D. FINK, Executor of the last will of Sarah Baum, deceased, v. WILLIAM H. MARTIN.

Where no sale could be made of a slave seized under execution, for want of any bid of sufficient amount to satisfy a special mortgage entitled to priority over the plaintiff's judgment, and the *fi. fa.* is returned into court, the slave cannot be detained by the sheriff. C. P. 684. Nor will the fact of a judgment having been obtained from a court of original jurisdiction, annulling the mortgage as simulated and fraudulent, authorize the detention of the slave, where the defendant has taken a suspensive appeal. If the plaintiff was apprehensive that the slave, if returned to the debtor, might be concealed or taken out of the state, he might have caused him to be sequestered, notwithstanding the suspensive appeal.

APPEAL from the Court of Probates of New Orleans, *Bermudez,* J.

*H. D. Ogden* and *Hoffman,* for the plaintiffs.

*McHenry,* for the appellant.

MORPHY, J. On the 28th of December, 1842, an execution was issued in this case, under which, among other property, the slave David, a valuable mechanic, belonging to the defendant was seized. He was not offered for sale until April following, when, as appears from the return of the sheriff, no adjudication could take place for want of bids to an amount sufficient to pay the mortgages having priority over that of the plaintiff. A rule on the latter and the sheriff, was then taken by the defendant, calling upon them to show cause why the slave David should not be returned to him, as no sale could be made, and as, by retaining said slave in jail, his services were lost to his master, who was entitled to them, and as his whole value would be absorbed by the charges and expenses for keeping him, &c. The answer to this rule represents, that the special mortgage which prevents the sale of the slave David is fraudulent and simulated, and has been so decreed by the District Court, in a suit of the plaintiff against